03 CV 12313 GAO

UNITED STATES BANKRUPTCY COURT -
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) | RECEIVED |
| | ) | Clerk's Office |
| MICHAEL G. GEORGES, | ) | USDC, Mass. |
| | ) | Date 11-19-03 |
| Debtor. | ) Bk. No. 02-13199-CJK | By CMG |
| | ) | Deputy Clerk |
| MICHAEL G. GEORGES, KARA | ) | |
| GEORGES HARRINGTON, and | ) | |
| ERIK M. GEORGES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) A.P. No. 02-1352 | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| (INTERNAL REVENUE SERVICE), | ) | |
| ROGER HUGHES AS SETTLEMENT | ) | |
| AGENT, AND LYNNE F. RILEY | ) | |
| AS CHAPTER 7 TRUSTEE OF | ) | |
| MICHAEL G. GEORGES, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES OF AMERICA'S EMERGENCY MOTION THAT THE
DISTRICT COURT WITHDRAW THE REFERENCE OF THIS
ADVERSARY PROCEEDING FROM THE BANKRUPTCY COURT**

The United States of America, by its undersigned counsel, hereby moves, pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011, for an order withdrawing the reference of this adversary proceeding from the Bankruptcy Court.[1] The grounds for withdrawing the reference, as presented more fully below, include lack of jurisdiction in the Bankruptcy Court over part of the action, prevention of forum shopping, and judicial

---

[1] Local Rule 5011-1 requires the filing of this motion with the Clerk of the Bankruptcy Court for transmittal by the Bankruptcy Court Clerk to the Clerk of the District Court.

economy to be gained by consolidating the withdrawn proceeding (to the extent there is bankruptcy jurisdiction) with an action in the District Court over which the Bankruptcy Court lacks jurisdiction.

## ISSUE PRESENTED

Whether the reference to the Bankruptcy Court should be withdrawn for "cause," including judicial economy, where the Bankruptcy Court lacks jurisdiction to determine the issue of whether the Georges Realty Trust held certain real estate as the nominee and/or alter ego of the Debtor, and where the determination of that issue is a predicate to and will largely drive the determination of the issue of whether the Debtor's unpaid federal income tax liabilities are non-dischargeable on the ground that the Debtor made a willful attempt to defeat the collection of the tax.

## INTRODUCTION

The issues in this adversary proceeding involve the following: (1) entitlement to the proceeds from the sale of real property, and (2) the dischargeability of the Debtor's federal income tax liabilities.[2]

As to the first issue, the ownership of the proceeds from the sale of real property, the parties that have claimed entitlement are the United States of America and the non-debtor plaintiffs, Erik Georges and Kara Georges Huntington– the Debtor's children. The Chapter 7 Trustee, Lynne Riley, named as a defendant, has failed to answer the Amended Complaint and her time to do so has expired. Thus, the bankruptcy estate

---

[2] It also peripherally includes a motion by the debtor/plaintiff to compel the Trustee to abandon 10% of certain funds, the remainder of which is the subject of the ownership dispute.

has effectively determined not to prosecute a claim to recover the property. As such, there is no bankruptcy purpose to this litigation between two parties with claims to property that is not being administered as property of the bankruptcy estate, and is not being pursued as such. The United States therefore contends that the Bankruptcy Court lacks jurisdiction over the issue.

As to the second issue, the United States defends against the portion of the Amended Complaint that alleges that the Debtors' federal tax liabilities for tax years 1987, 1988, 1989, 1990, and 1992 are dischargeable, on the grounds that, inter alia, those liabilities are not dischargeable, pursuant to 11 U.S.C. § 523(a)(1)(C), on the ground that the Debtor willfully attempted to defeat or evade their collection. The issue of the ownership of the proceeds of the sale of real property, being based on alter ego or nominee contentions, is highly probative and possibly dispositive of the dischargeability issue. Therefore, the two issues should be consolidated. This can be achieved by withdrawing the reference of the dischargeability issue and having the United States, if necessary, file a complaint to foreclose its tax liens to assure that there is jurisdiction over the ownership issue, and then consolidating the actions.

There is an emergency because trial is set for Friday, November 21, 2003.

### PROCEDURAL HISTORY

Debtor Michael Georges ("Debtor") filed a Chapter 7 petition on April 30, 2002, and received a discharge on August 27, 2002. He then commenced this adversary proceeding by filing a complaint in Bankruptcy Court, on September 26, 2002. The plaintiffs then filed the Amended Complaint to add as plaintiffs Debtor's children, Erik M. Georges and Kara Georges Huntington. By this adversary proceeding, the plaintiffs

seek to compel payment of funds in the amount of $132,093.80 ("the funds"), held in escrow by the settlement officer, Roger Hughes ("Hughes"), which represent the proceeds from the sale of real property ("the property"), in part to the beneficiaries of the Georges Realty Trust ("the Trust"), and in part to the Internal Revenue Service.[3] The Amended Complaint also seeks a discharge of the Debtor's unpaid federal income tax liabilities for the tax years 1987 through 1990, and 1992. See Govt. Ex. A. (amend. complt).

In its answer to the plaintiffs' Amended Complaint, the United States asserted the affirmative defense that the Debtor's unpaid federal income tax liabilities for the tax years 1987, through and including, 1992, are not dischargeable on the grounds that the Debtor willfully attempted to evade or defeat those liabilities. See Govt. Ex. B. (answer). The United States also asserted the affirmative defense that the federal tax liens for the Debtor's unpaid federal income tax liabilities attached to all property and rights to property of the Debtor and his wife, including all of the remaining proceeds from the sale of the property, on the theory that the Georges Realty Trust was the nominee and/or alter ego of the Debtor.

At the pre-trial conference on December 10, 2002, the Bankruptcy Court itself stated that it could "see no reason to adjudicate the interests of...the non-debtor

---

[3] Debtor admits in the Complaint that the United States is entitled to $20,476.67 of the funds, and, in fact, seeks to compel payment of that amount to the Internal revenue Service. That portion of the funds is property of the bankruptcy estate, and its ownership is not in dispute. To the extent the Amended Complaint seeks to compel release of the $20,476.67 to the Internal Revenue Service, it is really a motion to compel the Trustee to abandon the property under 11 U.S.C. § 554(b). There is no opposition to that relief.

-4-

beneficiaries..." in the bankruptcy forum. See Govt. Ex. C (portion of pre-trial conference transcript). Then, without explanation, the Court allowed Debtor to amend the Complaint to add the non-debtor beneficiaries of the Trust as plaintiffs, and then set a trial date of November 21, 2003. See Govt. Ex. D (order). We presume that the Bankruptcy Court concluded that it had jurisdiction because of the dischargeability issue and because the complaint names the Trustee, and seeks to compel her to abandon the 10% of the funds that are listed on the schedules as property of the estate.[4]

## FACTS

The Georges Realty Trust ("Trust") was created on or about July 29, 1977. Debtor and his wife, Kendra Georges, were the trustees of the Trust until the Trust terminated on or about July 29, 2002, at a time when Debtor's children, Erik M. Georges and Kara Georges Huntington, the beneficiaries of the Trust, had reached the age of majority. The Georges Realty Trust acquired the subject real property on or about April 14, 1989– after the Debtor's federal tax liabilities at issue began to accrue– and held title to the property until the Trust sold the property on or about July 20, 2001. Upon the sale of the property on or about July 20, 2001, settlement agent Hughes distributed part of the proceeds and retained $130,093.80 in escrow, and continues to hold that amount in escrow.[5] As set forth in its affirmative defenses, the United States

---

[4] It should also be noted that the United States issued discovery requests to plaintiffs on July 11, 2003, and to date, the plaintiffs have failed to comply with those requests. The United States moved to continue the trial for a date 30 days from the day the plaintiffs comply with the United States' discovery requests. The Bankruptcy Court denied that motion, and thereby denied the United States a pre-trial opportunity to question the plaintiffs about documents.

[5] It appears that the settlement agent retained this figure to cover the federal tax liens, and that part of the surplus was distributed to the Debtor. According to the settlement statement, $35,956.60 was distributed upon the sale of the subject real property to the

-5-

maintains that it is entitled to payment of the escrowed funds to satisfy the United States' federal tax liens against the property and rights to property of the Debtor and his wife on the premise that the Trust was the Debtor's alter ego or nominee.

The beneficiaries of the terminated Trust were Erik M. Georges and Kara Georges Huntington, the Debtor's adult children who now claim a direct interest in the funds. Debtor claims an interest in 10% of the original net proceeds of $204,766.76, but admits that his interest is subject to the federal tax liens, so that there is no dispute as to that 10% interest. Neither the property or the funds are listed on the bankruptcy schedules, except for Debtor's admitted 10% interest in the funds. The Chapter 7 Trustee has not claimed an interest in the funds, and has effectively abandoned any claim to those funds.[6]

As such, the issue over who is entitled to payment to the funds is between the United States and the non-debtor adult children, only. Because the determination of this fact-intensive dispute has no impact on the Debtor's estate, there is no jurisdiction in the Bankruptcy Court over that aspect of the Amended Complaint. The issue of the ownership of the proceeds held in escrow by Hughes is highly probative, and possibly dispositive, of the issue of whether the Debtor's income tax liabilities are dischargeable. As noted, the property was placed into the Trust after the tax liabilities began to accrue.

---

Trust, which never reported any income nor had an account at any financial institution into which it could deposit the money.

[6] As noted, the $20,476.67 representing Debtor's 10% interest in the property is property of the bankruptcy estate. It is, however, fully encumbered by the tax liens and should be abandoned. See 11 U.S.C. § 554. The Amended Complaint asks that it be turned over to the Internal Revenue Service, consistent with 11 U.S.C. § 554(b).

Additionally, Debtor resided in the property until it was sold, whereas his adult children had either moved out or had never resided in the property. The Debtor received part of the net proceeds (above the secured amount), whereas his adult children ap

## ARGUMENT

The United States is seeking to withdraw the reference with regard to this adversary proceeding so that the District Court may consolidate the dischargeability issue with the alter ego/nominee issue, over which the Bankruptcy Court lacks jurisdiction. Because that issue forms much of the premise for the United States' contention that the income taxes are excepted from discharge under § 523(a)(1)(C), the District Court's determination of the alter ego/nominee issue should either precede or be consolidated with the dischargeability issue. We submit that consolidation serves judicial economy.

### I. The Court Should Withdraw the Reference with Respect to the Adversary Proceeding

Under 28 U.S.C. § 1334, the district courts have original and exclusive jurisdiction of all cases under Title 11, U.S.C., and non-exclusive jurisdiction of proceedings arising under, in, or related to cases under Title 11. Under 28 U.S.C. § 157, the district courts may refer bankruptcy cases and proceeding to the bankruptcy courts, as units of the district court under 28 U.S.C. § 151. Subsection (d) of 28 U.S.C. § 157 provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The statutory requisite of "cause" is a flexible standard and permits consideration of unique circumstances that make withdrawal of the reference

-7-

appropriate.

Of course, where the Bankruptcy Court lacks jurisdiction to hear an issue under 28 U.S.C. § 157(b), cause exists to withdraw the reference, as the Bankruptcy Court lacks the statutory authority to hear the issue. We are uncertain whether a jurisdictionally defective adversary complaint in a bankruptcy court can be cured by withdrawing the reference, particularly where, as here, there appears to be no waiver of sovereign immunity for a suit against the United States in the Bankruptcy Court brought by a debtor's children (or by a debtor to raise his children's rights. Therefore, the United States proposes to file a separate lien foreclosure action.

Additionally, withdrawal of the reference is appropriate to prevent forum shopping by the Plaintiffs. FTC v. Am. Inet. for Research and Dev., 219 B.R. 639 (D. Mass. 1998). Here, as set forth below, the plaintiffs have engaged in forum shopping by bringing this property dispute in Bankruptcy Court rather than the District Court where it belongs.

### A. The Bankruptcy Court Lacks Jurisdiction to Hear the Alter Ego/Nominee Issue

The Bankruptcy Court lacks jurisdiction to hear the alter ego/nominee issue raised in the United States' Answer to the Amended Complaint, because the disposition of the funds is unrelated to the bankruptcy. As the Supreme Court has explained,

> [t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. . . . The First,

-8-

> Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits have adopted [this] test with little or no variation. . . . But whatever test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor.

Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). Here, the alter ego/nominee issue is an issue between the non-debtor plaintiffs and the United States. The Debtor's bankruptcy estate will be unaffected regardless of the outcome.

If the Trust is deemed to be Debtor's alter ego or nominee, the pre-petition cash proceeds from the sale of the property belongs to the United States as pre-petition property to which the United States' federal tax liens attached, and in which the estate lacks equity.[7] The funds are listed on the bankruptcy schedules only to the extent of Debtor's admitted 10% interest. The remaining and disputed portion of the funds does not appear on the bankruptcy schedules, and is not being administered as property of the bankruptcy estate, nor being pursued as such by the Trustee who has defaulted. It cannot be deemed part of the estate unless and until the funds are brought into the estate by judicial action. Cf. In re Colonial Realty Co., 980 F.2d 125, 131 (2d Cir. 1992) (fraudulently transferred property is not automatically property of the estate: the trustee simply has a statutory avoidance action)[8]; indeed, by failing to answer the plaintiffs' Complaint or Amended Complaint, the Chapter 7 Trustee has claimed no interest in the

---

[7] The property was sold and the proceeds were held in escrow before the filing of the bankruptcy petition.

[8] There may also be a fraudulent transfer issue in the instant case. Even if the Trust is a valid trust, the real property was transferred to it after the tax liabilities at issue began to accrue.

-9-

funds, and effectively has abandoned any claim to bring them into the estate.[9]

If the Trust is not deemed to be Debtor's alter ego or nominee, then the cash proceeds belong to the non-debtor adult children as the terminated Trust's former beneficiaries. Thus, the funds from the sale of the property would not be part of the bankruptcy estate. Because the determination of who is entitled to payment of the funds has no impact upon the administration of the Debtor's bankruptcy estate, and thus lacks any bankruptcy purpose, the Bankruptcy Court lacks jurisdiction to hear such an issue, and as such, the reference must be withdrawn. See Matter of FedPak Systems, 80 F.3d 207, 213-14 (7th Cir. 1996) (no jurisdiction to hear dispute between creditor and transferee of debtor's assets).

Another reason that the Bankruptcy Court lacks jurisdiction over the alter-ego/nominee issue is that there is no waiver of sovereign immunity under 11 U.S.C. § 106(a)(1) for a suit by a debtor's children against the United States to remove a federal tax lien from personal property claimed by the children. The relevant waiver of sovereign immunity for such an action is 28 U.S.C. § 2410, as an action to quiet title to personal property. But, that provision explicitly provides that the United States may be named in such a quiet title action only "in any district court, or in any State court having jurisdiction of the subject matter." The relevant waivers of sovereign immunity for bankruptcy court actions against the United States are listed in 11 U.S.C. § 106(a)(1).

---

[9] Since the real property was placed in the Trust's name in 1989, it is also questionable whether the Trustee may be barred by the statute of limitations. The limitations statute is inapplicable to the United States. United States v. Summerlin, 310 U.S. 414, 416, 84 L. Ed. 1283, 60 S. Ct. 1019 (1940); United States v. Bacon, 82 F.3d 822, 823 (9th Cir. 1996).

-10-

Not one of the many sections of the Bankruptcy Code listed therein appears to provide for a claim by a debtor's children to quiet title to property against a federal tax lien securing a liability of the debtor. As provided in 11 U.S.C. § 524(e), the debtor's discharge does not affect an *in rem* claim against property in the name of a third party.

### B. Reference Should be Withdrawn to Avoid Forum Shopping By the Plaintiffs

With regard to forum shopping, it should be noted that the instant adversary complaint, to the extent it seeks to claim that the real estate sale proceeds belong to the debtor's adult children, should really have been commenced as a quiet title action to the funds, pursuant to 28 U.S.C. § 2410, in either the district court, or a state court (from which it would have been removable). Instead, it was commenced by the debtor in his bankruptcy case, even though at the time it was commenced, the United States, but not the trustee, was claiming the funds.[10]

### C. Dischargeability Should Be Consolidated With Alter Ego/Nominee Issues

The adversary proceeding, in addition to raising the alter ego/nominee issue, seeks to determine the dischargeability of the taxpayers' income tax liabilities. This issue is plainly within the jurisdiction of the Bankrupty Court. The United States contends that Debtor's income tax liabilities are excepted from discharge pursuant to § 523(a)(1)(C). Section 523(a)(1)(C) renders automatically nondischargeable a debt for

---

[10] Additionally, the United States should have been entitled to additional discovery and all of the enforcement mechanisms to compel discovery as provided by the Federal Rules of Civil Procedure, on this issue, given its fact-intensive nature.

-11-

a tax if the debtor "willfully attempted in any manner to evade or defeat such tax." This includes an attempt to defeat the collection of the tax and includes where the taxpayer has held property in trust to avoid tax collection. See In Re Birkenstock, 87 F.3d 947, 950 (7th Cir. 1996) and In Re Haas, 48 F.3d 1153, 1158 (11th Cir. 1995). As regards the particulars of this case, a basis for the United States' contention that the income taxes are nondischargeable is that Debtor willfully attempted to evade or defeat the collection of the tax by acquiring real property in the name of the Georges Realty Trust after the tax liabilities began to accrue, and/or because the Trust is the Debtor's alter ego or nominee. If the District Court hears the alter ego/nominee issue, it should hear the dischargeability issue that rests partly upon it. Accordingly, it is clear that the issues of fact and law that will govern the alter ego/nominee action will overlap with, and to some extent drive, the issues of fact and law that will arise in determining whether Debtor's income tax liabilities are dischargeable.

As the issues and facts in the dischargeability portion of the adversary proceeding are the same as some of the issues and facts in the alter ego/nominee portion, keeping the adversary proceeding in the Bankruptcy Court after dismissal, for lack of jurisdiction, of the alter ego/nominee issue, may lead to duplicative trials and attendant waste of resources.[11]

---

[11] If the United States is successful trying the dischargeability issue based on the alter ego/nominee issue in the bankruptcy forum, the non-debtor children might not be bound by the decision, due to lack of jurisdiction, and may file, in the District Court or in state court, an action to quiet title. If the United States is unsuccessful, it may be prejudiced by being collaterally estopped from trying the alter ego/nominee issue in another forum. Thus, the plaintiffs may have multiple chances at winning the alter ego/nominee issue, while the United States may only have one.

Thus, the reference of the entire adversary proceeding should be withdrawn as a matter of judicial economy. See In re Indian Motorcycle Trademark Litigation, 281 B.R. 775 (D.Mass. 2002) (reference withdrawn to consolidate Massachusetts bankruptcy case with district court receivership action the venue for which had been transferred from Colorado for the purpose of enabling such consolidation in light of overlapping issues and to avoid further jurisdictional conflicts); In re Oil Co., 140 B.R. 30 (E.D.N.Y. 1992) (withdrawing reference to enable consolidation of debtor's objection to tax claim against bankruptcy estate with district court action to determine joint and several liabilities of other persons for same tax where those persons were not in bankruptcy). In Oil Co., the court accepted the government's representation that it would soon file the related district court action over which the bankruptcy court would lack jurisdiction. See also In Re Xonics, Inc., 67 B.R. 33 (N.D.Ill. 1986)(withdrawing reference for adversary proceeding and transferring venue to another district for consolidation with a district court action there that involved common facts and legal issues); In re Sharon Steel Corp., 918 F.2d 434 (3d Cir. 1990) (mandating resolution of a motion to reconsider insufficiently explained denial of withdrawal of reference to enable transfer of venue of bankruptcy adversary proceeding to a district court that had jurisdiction over a related proceeding and noting, at 438 n.4, that "ARCO's argument with respect to withdrawal and transfer raises several points which require serious consideration by the district court"); Matter of McGaughey, 24 F.3d 904 (7th Cir. 1994) (dismissing appeal from non-final order withdrawing reference granted by district court to enable bankruptcy case with jurisdiction over taxpayer's pre-bankruptcy assets to be consolidated with district court receivership estate with jurisdiction over taxpayer's post-

bankruptcy earnings).

If the reference of the dischargeability issue is not withdrawn, it may be appropriate to stay that litigation until the predicate alter ego/nominee issue is adjudicated in a court of competent jurisdiction.

WHEREFORE the United States respectfully requests that the Court grant this motion to withdraw the reference with regard to this adversary proceeding, whereupon the United States will file a lien foreclosure action to assure that the District Court will have jurisdiction over the alter ego/nominee issue, and ask that the proceedings be consolidated.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6058

11/18/2003 22:35 FAX 2025145238  US DEPT OF JUSTICE, TAX  @017

15

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES OF AMERICA'S <u>EMERGENCY</u> MOTION THAT THE DISTRICT COURT WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING FROM THE BANKRUPTCY COURT to the Amended Complaint has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 18th day of November, 2003:

Ann Brennan, Esq.
Attorney for Michael G. Georges
Stephen E. Shamban Law Offices, P.C.
P.O. Box 850973
639 Granite Street
Braintree, MA 02185-0973

Ann Brennan, Esq.
Attorney for Erik Michael Georges
Stephen E. Shamban Law Offices, P.C.
P.O. Box 850973
639 Granite Street
Braintree, MA 02185-0973

Ann Brennan, Esq.
Attorney for Kara Georges Huntington
Stephen E. Shamban Law Offices, P.C.
P.O. Box 850973
639 Granite Street
Braintree, MA 02185-0973

United States Trustee
O'Neill Federal Office Building
10 Causeway Street
Boston, MA 02222-1043

Lynne Riley, Trustee
Riley & Esher, LLP
69 Thorndike Street
Cambridge, MA 02141

Roger Hughes
Hughes & Associates
46 Accord Park Drive
Norwell, MA 02061

_____
BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044