UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12313-GAO
(Adversary Proceeding No. 02-1352)

IN RE MICHAEL G. GEORGES,
Debtor.

MICHAEL G. GEORGES, KARA GEORGES HARRINGTON, and
ERIK M. GEORGES,
Plaintiffs,

v.

UNITED STATES OF AMERICA; ROGER HUGHES, as settlement agent; and
LYNNE F. RILEY, as Chapter 7 Trustee of Michael G. Georges,
Defendants.

ORDER
December 23 2003

O'TOOLE, D.J.

The emergency motion by the United States to withdraw the reference of the above-captioned adversary proceeding from the bankruptcy court is denied.

A movant requesting discretionary withdrawal from a bankruptcy court must demonstrate that the motion is timely filed and that there is adequate cause for the withdrawal. See 28 U.S.C. § 157(d); United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992). The United States' motion is untimely. The complaint in the adversary proceeding was filed September 26, 2002, and the United States answered on November 1, 2002. The United States filed its motion to withdraw the reference on November 19, 2003, two days before the trial date that had been set by the bankruptcy judge on June 16, 2003. The United States presents no explanation for its delay in objecting either to the

bankruptcy court's jurisdiction, to the appropriateness of the bankruptcy forum assuming jurisdiction exists, or to the trial date itself. Moreover, it appears that the United States participated in the proceedings in the bankruptcy court to this point without objection, including the filing of pleadings and efforts to conduct discovery. Indeed, the answer of the United States to the plaintiffs' amended complaint (filed March 14, 2003) expressly consented to the entry of a final order or judgment by the bankruptcy court. Answer to Am. Compl. ¶ 5 [Jurisdiction]. An objection to the bankruptcy court's jurisdiction or to other questions of efficient judicial administration could have been made earlier than two days before the scheduled trial. Prior to filing its motion, the United States indicated a willingness for the bankruptcy court to hear this dispute and at least impliedly, if not expressly, consented to the bankruptcy court's jurisdiction. See In re G.S.F. Corp., 938 F.2d 1467, 1477 (1st Cir. 1991), and cases cited therein.

As a substantive matter, it does not appear from the information submitted that it is clear that the bankruptcy court lacks jurisdiction. The bankruptcy court has the jurisdiction to hear civil proceedings "related to" the bankruptcy. 28 U.S.C. § 157(c)(1); Celotex Corp v. Edwards, 514 U.S. 300, 307-08 (1995). The test for determining whether a civil proceeding is related to the bankruptcy is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." G.S.F., 938 F.2d at 1475 (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). That is, the related proceeding must "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." G.S.F., 938 F.2d at 1475 (citations and internal quotations omitted).

The United States contends that the two issues involved in the adversary proceeding are (1) whether the United States or the non-debtor plaintiffs are entitled to the proceeds from the sale

of real property, and (2) whether the debtor's federal income tax liabilities are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C). The United States admits, as it must, that the bankruptcy court has jurisdiction over the second issue, but argues that the bankruptcy court lacks jurisdiction over the first issue. However, the United States also asserts that the two issues raise common issues of fact and law, Mot. for Stay at 3; that the first issue is "highly probative, and possibly dispositive" of the second issue, Mot. to Withdraw Ref. at 3, 6; and that the first issue "forms much of the premise for the United States' contention that the debtor's unpaid federal income tax liabilities are excepted from discharge under 11 U.S.C. § 523(a)(1)(C)," Mot. to Stay at 6. Furthermore, the debtor is a party to the adversary proceeding and he claims he has a 10% interest in the proceeds from the sale of the real property. If true, this 10% interest would be property of the bankruptcy estate, even though it may turn out to be fully encumbered by federal tax liens. This may be enough to classify the determination of the first issue as a core proceeding. See 28 U.S.C. § 157(b)(2)(O) ("Core proceedings include . . . proceedings affecting the liquidation of the assets of the estate."). In any event, it certainly appears that the outcome of the dispute over ownership of the proceeds from the sale of the real property could conceivably have an effect upon the handling and administration of the bankrupt estate.

For all the foregoing reasons, the United States' motion to withdraw the reference is DENIED. The United States will have to resort to the usual processes for challenging any adverse order or determination of the bankruptcy court after such order or determination has been made.

It is SO ORDERED.

| | |
|---|---|
| December 23, 2003 | \s\ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |